**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LILIANA D. SANTOS,

Plaintiff,

v.

CAINE & WEINER COMPANY, L.L.C.,

Defendant.

CIVIL COMPLAINT

CASE NO. 1:18-cv-06812

DEMAND FOR JURY TRIAL

# COMPLAINT

NOW comes LILIANA D. SANTOS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CAINE & WEINER COMPANY, L.L.C. ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) as Defendant resides in the Northern District of Illinois.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age and a "person" as defined by 47 U.S.C. §153(39).

5. Defendant promotes that "[w]e enhance cash flow for the global business community through the creative and effective utilization of accounts receivable management systems and innovative solutions."[1] Defendant is a limited liability company organized under the laws of the state of Illinois with Frank Dispensa as its registered agent, located at 1699 Woodfield Rd., Suite 360, Schaumburg, Illinois 60173.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. Several years ago, Plaintiff attended UEI College.

9. Through UEI College, Plaintiff received financial aid to pay for her studies in the form of student loans.

10. Recently, Plaintiff's health and wellbeing has significantly deteriorated.

11. Plaintiff is unable to work and sustains herself through public aid.

12. Due to Plaintiff's deteriorated health and financial hardship, she has been unable to make regular payments towards her student loans, thus incurring debt ("subject debt").

13. Around the summer of 2018, Plaintiff began receiving collection calls to her personal cellular phone, (626) XXX-0559, from Defendant.

[1] https://www.caine-weiner.com/about-us/mission-statement/

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of her cellular phone ending in 0559. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. Defendant has mainly used the phone number (818) 251-1790 when placing calls to Plaintiff's home phone, but upon belief, it has other numbers as well.

16. Upon information and belief, the above referenced phone number is regularly utilized by Defendant during its debt collection activity.

17. Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon the subject debt.

18. Plaintiff explained her inability to pay due to her weakened health and financial hardship.

19. After explaining her tragic situation and inability to pay, Plaintiff asked that Defendant stop calling her.

20. Nevertheless, Defendant continued to place harassing phone calls to Plaintiff's cellular phone.

21. On multiple occasions, Defendant has threatened litigation against Plaintiff in order to garnish her public aid income.

22. Defendant has also contacted Plaintiff's mother and disclosed that Plaintiff owed the subject debt.

23. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls,

emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though full set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 1951.[2]

30. Upon information and belief, the subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

**a. Violations of FDCPA §1692b & c(b)**

31. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Additionally, under §1692b(2), a debt collector "shall not state that such consumer owes any debt" to a third party. Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not

[2] http://www.acainternational.org/search#memberdirectory

communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

32. Defendant violated §1692b, b(2), and c(b) by contacting Plaintiff's mother and disclosing that Plaintiff owed the subject debt. Plaintiff explicitly notified Defendant that she was not able to address the subject debt due to her health issues and financial hardship. At that point, Defendant had no need to contact third parties, but it willfully violated b(2) and c(b) to corce Plaintiff into making a payment.

**b. Violations of FDCPA §1692c(a)(1) and §1692d**

33. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

34. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop and that Plaintiff was not the underlying debtor. Defendant called Plaintiff multiple times after she demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of this information was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

**c. Violations of FDCPA § 1692e**

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. §1692e(4); and
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

37. Defendant violated §1692e and e(4) when it used deceptive means to collect and/or attempt to collect the subject debt. By threatening to garnish Plaintiff's public aid income, it gave Plaintiff the false impression that Defendant had the legal ability to unilaterally garnish Plaintiff's public aid income in an attempt to coerce Plaintiff into paying the subject debt. Moreover, Defendant's lack of intent to proceed with the legal process of garnishing Plaintiff's public aid income can be gauged by its failure to initiate a garnishment lawsuit and instead proceed with its coercive attempts to collect from Plaintiff outside of the judicial process.

38. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to contact her. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment.

**d. Violations of FDCPA § 1692f**

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff multiple times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

41. Defendant further violated §1692f when it unfairly and unconscionably threatened to unilaterally garnish Plaintiff's public aid income. Any reasonable fact finder will conclude that threatening to garnish a sickly person's public aid income is unfair and/or unconscionable because it is designed to worry and confuse Plaintiff into making a payment on the subject debt.

42. As pled in paragraphs 23 through 25, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, LILIANA D. SANTOS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 10, 2018

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Northern District of Illinois

Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com